# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 2806 |
| | ) | |
| THE STRUCTURAL SHOP, LTD., and | ) | Judge John Z. Lee |
| BLUE MOON LOFTS CONDOMINIUM | ) | |
| ASSOCIATION | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Essex Insurance Company ("Essex") sued Defendants, The Structural Shop, Ltd. ("TSS") and Blue Moon Lofts Condominium Association ("Blue Moon") in 2015. Blue Moon had previously obtained a default judgment against TSS in the Circuit Court of Cook County, and Essex—TSS's insurer—sought a declaratory judgment that it had no duty to indemnify TSS for that judgment. Blue Moon then asserted a counterclaim for declaratory judgment to the contrary. In ruling on the parties' cross-motions for summary judgment, the Court granted Essex's[1] motion as to Count I of its amended complaint, concluding that Essex had no duty to indemnify TSS in the underlying litigation. Mem. Op. & Order, ECF No. 173 at 22. Blue Moon now asks the Court to reconsider that decision. For the following reasons, Blue Moon's motion to reconsider [174] is denied.

---

[1] Evanston Insurance Company ("Evanston"), successor by merger to Essex, brought the summary judgment motion on Essex's behalf. Pl.'s Mem. Supp. Mot. Summ. J. at 1, ECF No. 158. The Court refers to Evanston as "Essex" throughout.

**Background**

As explained in greater detail in the Court's summary judgment order, this case arises out of a 2002 lawsuit in which Blue Moon sought damages from several defendants, including TSS, for the allegedly defective design and construction of Blue Moon Lofts. *Id.* at 2. Blue Moon obtained a default judgment against TSS in 2009. *Id.* at 3. Subsequently, in 2012, TSS succeeded in having the judgment vacated on the basis that it had not been properly served in 2002. *Id.* at 4. In 2015, however, the circuit court concluded that TSS had, in fact, been properly served via its registered agent at the time. *Id.* at 9.

Essex agreed to provide a defense to TSS through the appeal of the court's 2015 order. *Id.* Essex stated, however, that it did not owe TSS indemnity coverage because the "claim" was first made in 2002, before TSS's liability insurance policy with Essex went into effect. *Id.* That policy covered claims made between May 10, 2012, and May 10, 2013. *Id.* at 3.

TSS and Blue Moon entered into a settlement agreement in 2015. *Id.* at 9. Under that agreement, TSS assigned to Blue Moon any rights it had under its policy with Essex. *Id.* Essex filed this action on March 31, 2015, seeking a declaratory judgment that TSS's claim arose outside of the policy period, that the claim was not covered by the policy, and that Essex had no duty to defend or indemnify TSS for the claim or underlying litigation. *Id.* at 9–10. In its summary judgment order, the Court concluded, in pertinent part, that Essex was entitled to summary judgment on Blue Moon's affirmative defense of equitable estoppel, because Blue Moon had "failed to

present any clear, concise, and unequivocal evidence" that Essex's role in TSS's defense had prejudiced TSS. *Id.* at 19.

## Legal Standard

District courts have discretion to entertain motions to reconsider prior decisions. *See Patrick v. City of Chi.*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015); Fed. R. Civ. P. 54(b); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). But while motions for reconsideration are permitted, "they are disfavored," *Patrick*, 103 F. Supp. 3d at 911, and serve a very limited purpose: correcting manifest errors of law or fact and presenting newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

This is a heavy burden for the moving party and makes a motion for reconsideration an inappropriate medium to "rehash" past arguments, *Patrick*, 103 F. Supp. 3d at 912 (citations omitted), or revisit improvident strategic decisions made earlier, *Birdo v. Dave Gomez*, No. 13 C 6864, 2016 WL 6070173, at *1 (N.D. Ill. Oct. 17, 2016) (citation omitted). Accordingly, motions for reconsideration will be granted only where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). Given these

3

exacting standards, issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Id.* (citation omitted).

## Analysis

Blue Moon asks the Court to reconsider its conclusion that there was no evidence from which a reasonable jury could conclude that Essex had controlled the underlying litigation, resulting in prejudice to TSS. Def.'s Mem. Supp. Mot. Recons. at 1, ECF No. 174. It contends that the Court erred in "failing to consider key material facts on the prejudice issue that Blue Moon can establish at trial." *Id.* Specifically, Blue Moon argues that the Court failed to consider five points that—in its view—demonstrate that Essex had "unfettered control" over the underlying litigation. *Id.* at 2. This is incorrect. Each of the points Blue Moon raises now were considered and rejected by the Court on summary judgment, and Blue Moon has not identified any newly discovered evidence or manifest errors of law or fact requiring reconsideration.

Blue Moon first argues that the Court failed to consider the significance of a May 30, 2014, email message from Essex claims professional Melanie Brown to TSS's counsel, Doug Palandech. *Id.* Brown told Palandech to "go ahead and file" a motion to dismiss in the circuit court case, rather than settle for $25,000. *Id.* at 3. Blue Moon argues that the Court failed to consider a portion of the message in which Brown stated that it would be less expensive to file the motion than to settle the case. This, Blue Moon contends, shows that Essex controlled the litigation. *Id.*

4

Contrary to Blue Moon's assertions, however, this Court previously considered this argument and concluded that, although Brown's email message to Palandech indicated that Essex "had the opportunity to assert control if it desired," it "[fell] short of providing evidence from which a reasonable jury could conclude that Essex induced TSS to 'surrender [its] right to control [its] own defense.'"  Mem. Op. & Order at 17.  The argument Blue Moon now repeats in its motion for reconsideration remains unpersuasive, because there still exists no "clear, concise, and unequivocal evidence" that Essex controlled TSS's defense as Illinois law requires.  *Id.* at 18.

Blue Moon further argues that the Court failed to consider and address Essex's refusal, denial, or disregard of Blue Moon's second request to settle the case in July 2014.  Def.'s Mem. Supp. Mot. Recons. at 2.  According to Blue Moon, Essex never informed TSS of the settlement offer, again demonstrating that Essex was in complete control of the litigation and TSS was unable to defend itself.  *Id.* at 4–5.

But the Court also addressed this argument in its order, Mem. Op. & Order at 7–8, concluding that there was "no evidence of . . . Essex advis[ing] or direct[ing] a litigation approach that differed from what Palandech recommended or TSS preferred."  *Id.* at 17.  Further, while Blue Moon contends that TSS's knowledge of the settlement offer is a genuine issue of material fact, the Court determined that it was unnecessary to decide the issue of knowledge when Blue Moon had "failed to adduce facts from which a reasonable jury could find that it suffered prejudice."  *Id.* at 19 n.11.

Finally, Blue Moon raises three points related to TSS's representation by attorney Doug Palandech, arguing that the Court failed to consider the significance of (1) Essex's order to Palandech to pursue a petition for relief from judgment in October 2014; (2) the prior relationship between Palandech and Essex; and (3) Essex's hiring and firing power over Palandech. Def.'s Mem. Supp. Mot. Recons. at 2.

Again, these are the same arguments that Blue Moon made in its summary judgment brief, and the Court has already considered and rejected them. In its summary judgment order, the Court noted that Blue Moon failed to demonstrate that Essex exercised control of the litigation through Palandech, because it was "undisputed that TSS had already engaged Palandech's firm to represent it in the underlying litigation," Palandech was independently associated with TSS, and that association predated his involvement with Essex. Mem. Op. & Order at 16. The Court concluded that Essex "may have, at most, implicitly approved of TSS's choice of counsel." *Id.* Blue Moon has not identified any newly discovered evidence or manifest error of law or fact[2] providing a basis for reconsideration.

In sum, the arguments Blue Moon raises in its motion for reconsideration have already been addressed and rejected by this Court on summary judgment. Blue Moon

---

[2] Blue Moon argues that the Court erred in granting summary judgment because it "[held] in its May 22, 2017 order that there are material issues of fact concerning whether Palandech is Essex's agent." Def.'s Mem. Supp. Mot. Recons. at 6. But this mischaracterizes that ruling, in which the Court barred Essex's expert from testifying that Palandech "never acted as an attorney or agent for Essex." Mem. Op. & Order at 14, ECF No. 142. The basis for that ruling was not that there existed material issues of fact concerning the relationship; rather, the Court determined that the expert's opinion was "entirely unnecessary and potentially confusing" and noted that many courts have excluded expert testimony on the existence of an attorney-client or agency relationship for similar reasons. *Id*. at 13–14.

has failed to meet the heavy burden required of a party moving for reconsideration; it has not identified any manifest errors of law or fact, or any newly discovered evidence, such that reconsideration of the Court's prior decision is required. Rather, Blue Moon's motion simply "rehash[es]" the arguments made on summary judgment. *Patrick*, 103 F. Supp. 3d at 912, and fails to provide any basis for granting relief on its motion to reconsider.

## Conclusion

For the reasons stated herein, Blue Moon's motion to reconsider [174] is denied.

**IT IS SO ORDERED.**　　　　　　　**ENTERED  10/31/18**

_____
**John Z. Lee**
**United States District Judge**